[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] ORDER
The plaintiff and the defendant were divorced on October 7, 1992. The judgment decreed that the plaintiff pay as child support the sum of $70.00 per week for each of two minor daughters. One daughter Ashley CT Page 8264 turned eighteen on August 8, 1998 and is no longer eligible for child support and is not the subject of this order as far as support is concerned. On March 15, 1999, the plaintiff was served with a rule to show cause seeking to modify the October 7, 1992 judgment. Defendant seeks additional child support for the parties' daughter Corey, born on February 21, 1984. She also seeks proof that the plaintiff has maintained a $10,000 disability insurance policy and clarification of agreement to contribute to the children's college education expenses as well as repayment of inheritance he borrowed from the children. It is also claimed that plaintiff has consistently been late in paying child support.
In order to modify the child support for Corey the Court must be satisfied that there has been a significant change of circumstances. By agreement, any modification will be retroactive to March 15, 1999, the date of service of the rule to show cause. Defendant claims plaintiffs gross and net income are significantly higher as a result of his marital and business relationship with Tish Stevens Brown who he married on October 7, 1994. It is also claimed that plaintiff has been president and until January 2000 a 50 per cent shareholder in Perkins Millwork. Subsequent to plaintiffs remarriage he signed three stock purchase agreements which transferred to him 4,000 shares of Perkins Millwork in exchange for his agreement to pay the sellers of Perkins Millwork $375,000 plus interest over eight years. In April of 1996, 2,000 of the shares of Perkins Millwork was issued by the plaintiff to his wife.
Plaintiffs gross income for the years 1996 though 1999 from Perkins Millwork was $114,950 while his wife earned $493,120 during the same period. Plaintiffs claim that none of his earnings is paid to him through his wife's salary is unavailing. The plaintiff is President and Treasurer of Perkins Millwork, Inc. while his wife is Vice President. This is not in of itself overly significant but when the duties of the plaintiff and his wife are carefully examined the wife has served primarily as the office manager on a full time basis. Her duties include accounts payable and receivable, sales, warehouse, production, delivery and maintenance. Defendant who has his own office works forty to sixty hours per week and does everything from sales to production to warehouse work. Wife testified at deposition that plaintiff oversees most of the business in the back. "From the office back; nothing clerical. From sales through delivery." An examination of other employees' salaries, all of who have less responsibility than the plaintiff, indicate that they receive substantially more salary than the plaintiff. This obvious disparity strongly supports the claim that plaintiffs salary is being tailored to obstruct defendant's claim for additional support. Plaintiff is at least an equal equitable partner in the business. It is clear from an examination of the record that defendant has voluntarily reduced his CT Page 8265 income and that he has through the gross disparity in salaries received substantial and continuing gifts from his wife. In addition, he should be earning considerably more than he now reports. The current income figures reported by the parties result in a support amount of $65.34 pursuant to the Child Support Guidelines. A substantial deviation upwards is required. The amount currently being paid is both inequitable and inappropriate. It is ordered that the plaintiff pay child support on behalf of Corey at the rate of $160.00 per week retroactive to March 15, 1999.
It is further ordered that plaintiff make support payments in a timely fashion. Based on the present state of the record there is no wilful contempt. Obviously for those with few assets and limited income a four or five delay in payment of child support is significant and is particularly onerous.
On the issue of counsel fees a careful examination of the record indicates a lack of cooperation on the part of plaintiff. All of the information sought by way of disclosure and production are relevant to these proceedings as can be discerned by the Court's rulings issued during the preceding hearings. Plaintiffs actions have not only been dilatory but comes close to obstruction. Cooperation at an early stage would have led to a more likely resolution of this matter. While a great amount of time was expended due to the reluctance of plaintiffs wife to cooperate, it occasioned substantially greater litigation expenses for the defendant. Both plaintiff and his wife made defendant's efforts far more arduous. The Court is also not unmindful that the counsel fees sought should have some relationship to the amount involved in the controversy. Without an award of counsel fees the defendant might well have been deprived of her rights because of lack of funds.
Prior to the appearance of present counsel, plaintiff was represented by Attorney Todd Bainer who simultaneously was representing plaintiffs wife which dispels the argument that plaintiffs wife was acting alone. Prior to these appearances, plaintiffs current counsel requested that the deposition of plaintiff's wife be postponed. Attorney Bainer moved to quash the subpoena duces tecum that had been filed that after hearing was denied by Crawford, J. Plaintiff failed to provide his financial affidavit and appeared pro se on November 10, 1999. A financial affidavit by the plaintiff was not provided until more than a year after the order to show cause was served and an order to compel same was on time. Both the first and second affidavits of the plaintiff were highly inaccurate. Connecticut Practice Book § 25-30 mandated a filing of an accurate affidavit in April of 1999. On March 2, 2000 McLachlan, J. ordered plaintiff to file a financial affidavit on or before March 27, 2000. Plaintiff had failed to appear at said hearing. Plaintiffs wife's W-2s CT Page 8266 were not provided with his tax returns. It was not until another hearing on April 5, 2000 that the W-2s were ordered produced. (Robaina, J.) Another deposition of plaintiffs wife was noticed for April 12, 2000 and a motion to quash was not filed until the day of the deposition and plaintiffs attorney was making the motion on behalf of plaintiffs wife.
An examination of the transcript of the hearing before Crawford, J. on May 17, 1999, when Attorney Bainer was representing the plaintiff and his wife on another motion to quash, is indicative of the pattern of hindrance that has been exhibited throughout this proceeding.
Plaintiff shall pay to defendant an amount of attorney fees the sum of $8,500 plus out of pocket expenses in the amount of $1,471.95.
The Court also finds that defendant's claim of Ashley as a dependancy exemption was not wilful and she is not in contempt. The Court finds that the parties agreed to this arrangement in order to assist in obtaining a FAFSA loan.
The Court orders that defendant shall reimburse plaintiff for any sums payable by him on her account for the children's medical insurance. No counsel fees are awarded to the plaintiff.
Howard T. Owens Jr., Judge